E-FILED
Friday, 14 May, 2010   01:25:33 PM
Clerk, U.S. District Court, ILCD

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| MATTHEW HANNAM, | ) | |
| Petitioner, | ) ) ) | |
| v. | ) ) | Case No. 10-1132 |
| RICARDO RIOS, Warden, | ) ) ) | |
| Respondent. | ) | |

## O R D E R

This matter is now before the Court on Petitioner, Matthew Hannam's ("Hannam"), Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. For the reasons set forth below, Hannam's Petition [#1] is DISMISSED.

### Background

On March 23, 2007, Hannam pled guilty to one count of possession of a firearm by a felon and one count of possession of methamphetamine with intent to distribute in the United States District Court for the Southern District of Iowa. On August 21, 2007, he was sentenced to a tern of 132 months' imprisonment on each count. Hannam is currently serving his sentence at the Federal Correctional Institution in Pekin, Illinois.

Hannam did not pursue a direct appeal. On July 27, 2008, he did, however, file a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 in which he collaterally attacked his conviction alleging that counsel was ineffective for failing to appeal his judgment as to the career criminal enhancement that he received in light of the Supreme Court's decision in Begay v. United States, 128 S.Ct. 1581 (2008). The motion was dismissed, and Hannam's efforts to reopen the case were denied. He then sought

reconsideration, which was denied on September 2, 2009. Hannam filed a notice of appea, which was denied by the Eighth Circuit on December 18, 2009.

Hannam has now filed a petition pursuant to § 2241 with respect to his federal conviction and sentence. In this petition, he raises essentially three issues: (1) the sentence for his felon in possession of a firearm conviction was imposed in violation of the prescribed statutory range of punishment and is void; (2) he is actually innocent of the career offender sentencing enhancement because one of his prior convictions does not qualify under Begay; and (3) he received ineffective assistance of counsel when counsel failed to appeal his judgment as to the career criminal enhancement in light ob Begay. This Order follows.

**Discussion**

A petition seeking habeas corpus relief is appropriate under 28 U.S.C. § 2241 when a defendant is challenging the fact or duration of his confinement. Preiser v. Rodriguez, 411 U.S. 475, 490, 93 S.Ct. 1827 (1973); Waletzki v. Keohane, 13 F.3d 1079, 1080 (7th Cir. 1994). The writ of habeas corpus may be granted where the defendant is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. 2241(c)(3).

In this § 2241 Petition, however, Hannam does not challenge the circumstances of his confinement. Rather, he attacks the validity of his conviction and sentence and asks this Court to vacate or alter his sentence. Accordingly, despite his efforts to cast his pleading as a § 2241 claim, this Petition clearly involves a collateral attack on his federal sentence, which would traditionally be brought pursuant to 28 U.S.C. § 2255.

However, Hannam has previously pursued § 2255 relief and is now barred from pursuing further relief under that section unless first obtains permission from the Court of

Appeals to bring a second or successive motion or qualifies as one of the few instances in which petitioners may seek collateral relief under § 2241. <u>Gray-Bey v. United States</u>, 209 F.3d 986, 988-90 (7th Cir. 2000); <u>In re Davenport</u>, 147 F.3d 605, 610-12 (7th Cir. 1998).

In <u>Davenport</u>, the Seventh Circuit held that a federal prisoner should be permitted to seek collateral relief under § 2241 "only if he had no reasonable opportunity to obtain earlier judicial correction of a fundamental defect in his conviction or sentence because the law changed after his first 2255 motion." 147 F.3d at 611. To be allowed to proceed, three additional conditions must also be met: (1) the change of law has to have been made retroactive by the Supreme Court; (2) it must be a change that eludes the permission in section 2255 for successive motions; and (3) "change in law" is not to be equated to a difference between the law in the circuit in which the prisoner was sentenced and the law in the circuit in which he is incarcerated. <u>Id.</u> at 611-12.

First, the Court notes that Hannam has provided no explanation of why he did not have the opportunity to raise these claims in his § 2255 motion. The Supreme Court issued its opinion in <u>Begay</u> on April 16, 2008, and Hannam filed his § 2255 motion more than three months later on July 28, 2008. More importantly, he actually raised claims that he should not have been sentenced as a career criminal and that he received ineffective assistance of counsel based on and citing <u>Begay</u> in his § 2255, demonstrating that he was well aware of any issue with respect to his career criminal enhancement under <u>Begay</u> at that time. The Order dismissing his § 2255 motion specifically addresses his claim invoking <u>Begay</u>. It is therefore unclear how Hannam allegedly had "no reasonable opportunity to obtain earlier judicial correction of the purported defects." In addition to this

failure, Hannam clearly fails the first prong of <u>In re Davenport</u>, as he does not identify any change in the law occurring after his first § 2255 motion, much less a retroactive change in the law as the basis for his claims.

Thus, it would appear that § 2255 was neither inadequate nor ineffective to test the validity or legitimacy of Hamman's convictions and sentences.  Accordingly, Hannam's § 2241 petition constitutes an improper attempt to avoid the procedural limitations and requirements attendant to motions brought under § 2255 and is not the type of situation that the Seventh Circuit contemplated in establishing the narrow avenue for certain collateral claims to be reviewed under § 2241.  Having failed to meet the prerequisites established in <u>Davenport</u>, he is not entitled to proceed under § 2241, and his petition must be dismissed without prejudice.

## CONCLUSION

For the reasons stated herein, Hannam's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [#1] is DISMISSED WITHOUT PREJUDICE for lack of jurisdiction.  This matter is now terminated.

ENTERED this 14th day of May, 2010.


                                            s/ Michael M. Mihm
                                            Michael M. Mihm
                                            United States District Judge